UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,
a Michigan corporation,

       Plaintiff,

vs.

OPNET TECHNOLOGIES, INC.,
A Delaware corporation,

       Defendant.

Hon. Anna Diggs Taylor
Case No. 04 CV 73749

---

| BROOKS KUSHMAN, P.C. | HOWARD & HOWARD ATTORNEYS, P.C. |
|---|---|
| Ernie L. Brooks (P22875) | Robert A. Marsac (P25602) |
| Robert C. J. Tuttle (P25222) | Michael A. Sneyd (P52073) |
| Thomas A. Lewry (P36399) | Attorneys for Defendant |
| Attorneys for Plaintiff | 39400 Woodward Avenue, Ste. 101 |
| 1000 Town Center, 22nd Floor | Bloomfield Hills, MI 48304 |
| Southfield, MI 48075-1238 | (248) 645-1483 |
| (248) 358-4400 | |

---

# FIRST AMENDED COUNTERCLAIM AND JURY DEMAND

## Jurisdiction and Venue

1. Defendant OPNET Technologies, Inc. ("OPNET") is a corporation formed under the laws of Delaware with its principal place of business at 7255 Woodmont Avenue, Bethesda, Maryland 20814-7900.

2. On information and belief, Plaintiff Compuware Corporation ("Compuware") is a Michigan corporation with its principal place of business at One Campus Martius, Detroit, Michigan 48226-5099.

3. Jurisdiction in this action is based upon 28 U.S.C. §§ 1367, 1338(a), 2201, and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Background Information**

5. OPNET is a relatively small company, with approximately 325 employees, compared to more than 4,000 Compuware employees.

6. Despite its relatively small size, OPNET competes vigorously with much larger companies, like Compuware, in developing and selling software that helps private and public sector customers troubleshoot problems and predict the performance of their computer networks.

7. OPNET's innovative products and techniques allow computer users like the military, government agencies, and telephone companies to model the operability of computer networks before they buy or upgrade them, reduce performance problems, enhance the ability of networks to work as desired, and minimize costs.

8. OPNET has won numerous awards among small businesses and information technology providers for its performance and products.

9. Compuware has brought a lawsuit against OPNET in this district alleging that OPNET infringes three of Compuware's patents:  U.S. Patent No. 6,219,050 B1 (the "'050 patent"), U.S. Patent No. 6,393,480 B1 (the "'480 patent"), and U.S. Patent No. 6,584,501 B1 (the "'501 patent").

10. OPNET denies any infringement, and, through this Counter Complaint, seeks declaratory relief.

## Counter Claims

### COUNT I
### (Declaratory Judgment: Non-Infringement of the '050 Patent)

11. OPNET hereby repeats and incorporates by reference Paragraphs 1-10 above.

12. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware as to whether OPNET infringes any valid and enforceable claim of the '050 patent.

13. OPNET does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '050 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

14. OPNET requests a declaration that it does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement with respect to any valid and enforceable claim of the '050 patent.

### COUNT II
### (Declaratory Judgment: Invalidity of the '050 Patent)

15. OPNET hereby repeats and incorporates by reference Paragraphs 1-14 above.

16. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware with respect to the invalidity and/or unenforceability of the '050 patent.

17. Each claim of the '050 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

18. OPNET requests a declaration that the '050 patent is invalid.

## COUNT III
### (Declaratory Judgment:  Non-Infringement of the '480 Patent)

19. OPNET hereby repeats and incorporates by reference Paragraphs 1-18 above.

20. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware as to whether OPNET infringes any valid and enforceable claim of the '480 patent.

21. OPNET does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '480 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

22. OPNET requests a declaration that it does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement with respect to any valid and enforceable claim of the '480 patent.

## COUNT IV
### (Declaratory Judgment:  Invalidity of the '480 Patent)

23. OPNET hereby repeats and incorporates by reference Paragraphs 1-22 above.

24. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware with respect to the invalidity and/or unenforceability of the '480 patent.

25. Each claim of the '480 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

26. OPNET requests a declaration that the '480 patent is invalid.

4

## COUNT V
### (Declaratory Judgment: Non-Infringement of the '501 Patent)

27. OPNET hereby repeats and incorporates by reference Paragraphs 1-26 above.

28. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware as to whether OPNET infringes any valid and enforceable claim of the '501 patent.

29. OPNET does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '501 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

30. OPNET requests a declaration that it does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement with respect to any valid and enforceable claim of the '501 patent.

## COUNT VI
### (Declaratory Judgment: Invalidity of the '501 Patent)

31. OPNET hereby repeats and incorporates by reference Paragraphs 1-30 above.

32. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware with respect to the invalidity and/or unenforceability of the '501 patent.

33. Each claim of the '501 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

34. OPNET requests a declaration that the '501 patent is invalid.

## COUNT VII
### (Declaratory Judgment:  Unenforceability of the '480 Patent Due to Intentional Failure to Disclose Prior Offers for Sale)

35. OPNET hereby repeats and incorporates by reference Paragraphs 1-34 above.

36. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware with respect to the unenforceability of the '480 patent.

37. The '480 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO") by Optimal Networks, Inc. ("Optimal"), the predecessor-in-interest in the patent to Compuware, and its employees.

38. In connection with the prosecution of the application resulting in the '480 patent, Zhigang Qin, Steven J. Schaffer, and Peter John Sevcik ("the inventors"), with intent to mislead the PTO, failed to disclose to the PTO that, prior to June 21, 1998, Optimal had offered to sell Optimal Application Expert 1.5.  On information and belief, one or more of the inventors knew, while the PTO was examining the application that resulted in the '480 patent, that such offers for sale were material to the patentability of the invention of claim 1, 2, 3, 4, 5, 6, 9, 10, 14, 24, 25, 26, 27, 28, 29, 32, 33, 37, 47, 48, or 49 of the '480 patent.  By intentionally failing to disclose this information to the PTO in connection with the prosecution of the application that resulted in the '480 patent, the inventors engaged in inequitable conduct that renders the '480 patent unenforceable.

39. OPNET requests a declaration that the '480 patent is unenforceable due to the inequitable conduct by Optimal and its employees.

**COUNT VIII**
**(Declaratory Judgment: Unenforceability of the '480 Patent Due to Intentional Failure to Disclose Prior Publications)**

40. OPNET hereby repeats and incorporates by reference Paragraphs 1-39 above.

41. An immediate, real, and justiciable controversy exists and is ongoing between OPNET and Compuware with respect to the unenforceability of the '480 patent.

42. The '480 patent is unenforceable due to inequitable conduct before the PTO by Optimal and its employees.

43. In connection with the prosecution of the application resulting in the '480 patent, the inventors, with intent to mislead the PTO, failed to disclose to the PTO that, on or about October 6, 1997, Optimal had issued a press release titled "Optimal Networks Sets the Standard for Application Deployment; New Features in Optimal Application Expert Offer Unparalleled Application Analysis" ("the October 6, 1997 press release"). On information and belief, one or more of the inventors knew, while the PTO was examining the application that resulted in the '480 patent, that the October 6, 1997 press release was material to the patentability of the invention of claim 1, 3, 4, 6, 9, 10, 14, 24, 26, 27, 29, 32, 33, 37, 47, 48, or 49 of the '480 patent. By intentionally failing to disclose this publication to the PTO in connection with the prosecution of the application that resulted in the '480 patent, the inventors engaged in inequitable conduct that renders the '480 patent unenforceable.

44. In connection with the prosecution of the application resulting in the '480 patent, the inventors, with intent to mislead the PTO, failed to disclose to the PTO that, on or about March 31, 1997, Optimal had issued a press release titled "Optimal Networks Announces Distributed Application Performance Analyzer" ("the March 31,

7

1997 press release"). On information and belief, one or more of the inventors knew, while the PTO was examining the application that resulted in the '480 patent, that the March 31, 1997 press release was material to the patentability of the invention of claim 2, 5, 25, or 28 of the '480 patent. By intentionally failing to disclose this publication to the PTO in connection with the prosecution of the application that resulted in the '480 patent, the inventors engaged in inequitable conduct that renders the '480 patent unenforceable.

45. In connection with the prosecution of the application resulting in the '480 patent, the inventors, with intent to mislead the PTO, failed to disclose to the PTO that, in connection with offers for sale of Optimal Application Expert 1.5 prior to June 21, 1998, Optimal had issued a user manual for Optimal Application Expert 1.5. On information and belief, one or more of the inventors knew, while the PTO was examining the application that resulted in the '480 patent, that such a user manual was material to the patentability of the invention of claim 1, 2, 3, 4, 5, 6, 9, 10, 14, 24, 25, 26, 27, 28, 29, 32, 33, 37, 47, 48, or 49 of the '480 patent. By intentionally failing to disclose this publication to the PTO in connection with the prosecution of the application that resulted in the '480 patent, the inventors engaged in inequitable conduct that renders the '480 patent unenforceable.

46. OPNET requests a declaration that the '480 patent is unenforceable due to the inequitable conduct by Optimal and its employees.

## **RELIEF**

WHEREFORE, OPNET prays that the Court enter judgment in favor of OPNET and against Compuware as follows:

A. Declare that OPNET does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement with respect to any valid or enforceable claim of the '050, '480, and '501 patents.

B. Declare that the '050, '480, and '501 patents are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

C. Declare that the '480 patent is unenforceable due to inequitable conduct before the PTO.

D. Enter a preliminary and permanent injunction to enjoin Compuware, its officers, employees, agents, attorneys, and those in active concert with them from enforcing or threatening to enforce the '050, '480, and '501 patents against OPNET and/or any of OPNET's customers or potential customers, and from asserting to any party that OPNET and/or any of its products infringe the '050, '480, and '501 patents.

E. Award OPNET damages against Compuware, and increase the damages to three times the amount found or assessed in accordance with 35 U.S.C. § 284.

F. Award OPNET reasonable attorney fees in accordance with 35 U.S.C. § 285.

G. Award OPNET interest and costs.

H. Award OPNET such other relief as the Court deems just and proper.

**JURY DEMAND**

OPNET hereby demands a trial by jury on all matters so triable.

Respectfully submitted,

                                        Respectfully submitted,

                                        Howard & Howard

                                        <u>s/ Robert A. Marsac</u>
                                        11th Floor Buhl Building
                                        535 Griswold Street
                                        Detroit, MI 48226
                                        (313) 962-0643
                                        rmarsac@howardandhoward.com
                                        P17114

                                        Paul J. Berman
                                        Keith A. Teel
                                        Anthony Herman
                                        Scott C. Weidenfeller
                                        **COVINGTON & BURLING**
                                        1201 Pennsylvania Avenue, NW
                                        Washington, DC 20004-2401
                                        202-662-6000
                                        Attorneys for Defendant

Dated:  December 14, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2004, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Ernie L. Brooks
    Thomas A. Lewry
    Robert C.J. Tuttle

                        Respectfully submitted,

                        Howard & Howard

                        s/ Robert A. Marsac
                        11th Floor Buhl Building
                        535 Griswold Street
                        Detroit, MI 48226
                        (313) 962-0643
                        rmarsac@howardandhoward.com
                        P17114

g:\n-o\opnet technologies\pleadings\first amended counter complaint.doc