UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,
a Michigan Corporation,

       Plaintiff/
       Counterclaim Defendant,

v.

OPNET TECHNOLOGIES, INC.,
a Delaware Corporation,

       Defendant/
       Counterclaim Plaintiff.
_____/

Case No. 04-73749

District Judge Anna Diggs Taylor

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING**
**MOTION FOR ADDITIONAL DEPOSITIONS**

Before the Court is Defendant's Motion for Leave to Take Additional Depositions [Docket #45]. Although Defendant does not unambiguously state the number of depositions it seeks, it does refer to a conference call with Plaintiff's counsel in which it suggested that the parties stipulate to 20 depositions each, with the proviso that "they would make every effort to limit themselves to fifteen." *Brief in Support of Defendant's Motion*, p.4. For its part, Plaintiff argues that the motion is premature (or was, as of August, 2005) until

Defendant has exhausted the 10 depositions it is allowed under the Rules.[1]

Fed.R.Civ.P. 30(a)(2)(A) provides that a party must obtain leave of the court to conduct in excess of ten depositions. Rule 30 also provides that leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed.R.Civ.P. 26(b)(2) states, in pertinent part:

> "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...."

It is, of course, well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

The original Complaint in this case alleged infringement of three separate patents, designated the '050, '480 and '501 patents. Plaintiff has since filed a "Covenant not to Sue" regarding the '480 patent. Notwithstanding Defendant's argument to the contrary, *Defendant's Brief*, pp. 6-7, the withdrawal of the '480 patent diminishes the benefit of depositions of the inventors and/or developers of the related patent technology, especially

---

[1] Defendant states, however, that it has noticed 10 depositions. *Brief in Support of Motion*, p.4.

in relationship to the concomitant burden and expense to Plaintiff.[2]   Hence, 20 depositions–double the number allowed by Rule 30–would be unnecessarily burdensome.

On the other hand, the Court recognizes that even as limited to the remaining two patents, this case involves a somewhat greater than average degree of complexity, and it would therefore not be inappropriate to allow additional depositions.  Rule 26 does contemplate that motions for additional discovery are to be viewed liberally. Further, the Court finds that it would be in the interest of judicial economy to order additional depositions before the 10 allowed under the Rules have been completed.

Therefore, in the exercise of the Court's discretion under Rules 30 and 26,

IT IS ORDERED that Defendant's Motion for Leave to Take Additional Depositions [Docket #45] is GRANTED.

IT IS FURTHER ORDERED that Defendant shall be permitted a total of fifteen (15) depositions.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated:  November 4, 2005

### CERTIFICATE OF SERVICE

---

[2] Indeed, Opnet concedes that it "does not contest that there is burden to Compuware associated with preparation for and defense of the additional depositions." *Defendant's Brief*, p.8.

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 4, 2005.

                S/Gina Wilson
                Judicial Assistant