UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,
a Michigan Corporation,

                Plaintiff/
                Counterclaim Defendant,

v.

OPNET TECHNOLOGIES, INC.,
a Delaware Corporation,

                Defendant/
                Counterclaim Plaintiff.
_____/

Case No.  04-73749

District Judge Anna Diggs Taylor

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Before the Court is Defendant Opnet's Motion to Compel the Production of Documents and for Sanctions [Docket #50].  Pursuant to E.D. Mich. L.R. 7.1(e)(2), this motion will be submitted and determined without oral hearing on the briefs.

**I.    GENERAL PRINCIPLES**

The scope and limits of discovery are set forth in Fed.R.Civ.P. 26(b).  Under Rule 26(b), the scope of discovery is quite broad.  *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably

calculated to lead to the discovery of admissible evidence." *Id.*, quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970).[1]  Rule 26(b)(1) also provides that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Those sub-rules provide:

> "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...."

It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

## II.   EFFECT OF PRIOR DISCOVERY ORDERS

At issue in this motion are 50 requests to produce documents (RTPs) from Defendant's Second Set of Requests for Production and one RTP from Defendant's Third Set of Requests for Production.

Both parties have made reference to this Court's order of May 23, 2005, which granted in part and denied in part Defendant's previous motion to compel, and a subsequent "Stipulated Order Supplementing and Clarifying May 23, 2005 Order" entered on June 6,

---

[1]Rule 26(b)(1) states, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

2005.  It is Defendant's contention that Plaintiff's objections to its present document requests–which were not at issue in the prior orders–are in conflict with those orders.  The Plaintiff responds, "Compuware has already produced all documents responsive to the May 23 Order.  Furthermore, the production requests now at issue were not the subject of the May 23 Order."  *Plaintiff's Brief in Opposition*, p.1.

Since, ironically, the stipulated order "clarifying" the May 23rd order has apparently generated more confusion than clarification, the Court will explain the significance of its previous orders to the present motion.  In this case, a point of contention is the Defendant's definition of "Compuware Products," as set forth in its second and third document requests:

> "The term 'Compuware's Products' as used herein means any of Compuware's Application Expert, Application Vantage, Eco SYSTEMS, EcoPREDICTOR, COMNET III Software, and any Compuware network modeling, network communication analysis, or network communication optimization software, and all iterations and versions thereof, whether commercialized or not."

It is the Plaintiff's position that this definition is too broad, in that it encompasses documents not relevant to the patents-in-suit, but that Plaintiff "agreed to produce, and has produced, responsive documents regarding Compuware's products covered by the patents-in-suit."  *Brief in Opposition*, p.9.  It is Defendant's position, on the other hand,  that this Court's May 23rd order, as amended by the June 6th stipulated order, expanded the scope of discovery to "documents related to its 'network analysis and optimization software,' and not just such software that Compuware decides falls within the scope of its patents."

Defendant reads this Court's prior orders too broadly.  The more expansive "network analysis and optimization software" language of the June 6th order was specific to

Defendant's RTP #31, which stated:

> "All documents including but not limited to invention notebooks, laboratory notebooks, e-mail, and/or other communications that identify or refer to research and development of technology related *to each of the patents*." (Emphasis added).

In the May 23rd order, the Court granted this and several other requests without discussion, on the parties' representation that those requests had been resolved. The subsequent stipulated order of June 6th stated as follows regarding RTP #31:

> "*In response to OPNET's document request 31*, Compuware shall produce all product documents, including but not limited to product manuals, product inserts, and marketing materials, relating to network analysis and optimization software, *and which are or have been provided by Compuware to customers or potential customers*." (Emphasis added).

Thus, as to a very specific request (#31), the stipulated order expanded the scope of discovery from the patents-in-suit to other network analysis and optimization software, but at the same time limited the scope to only documents that were provided to customers or potential customers. It did not open the door to omnibus discovery of all such software regardless of its relevance to the patents-in-suit. In fact, the second paragraph of the June 6th stipulated order, dealing with RTP #39 (communications between Compuware employees) and #40 (communications between Compuware employees and third parties), is explicitly limited to documents "which refer to (a) the accused OPNET products, (b) the patents-in-suit, or ( c ) the current litigation between Compuware and OPNET."

Therefore, the Court's previous discovery orders do not control every document request at issue in the present motion. The specific requests will be addressed below, on their

own merits, and in the context of the principles set forth in Rule 26.

## IV.    ANALYSIS

### RTP #42-47

These requests are directed at internal communications between Compuware employees, and communications between Compuware employees and third parties.  They are very similar to prior RTP #39 and #40, which were the subject of this Court's previous order. The June 6th stipulated order stated, at ¶2:

> "As to OPNET's document requests 39 and 40, Compuware shall produce the requested communications, not on a company-wide basis, but only as to communications (1) involving the department, division, group or unit of Compuware which develops or otherwise directly works on Compuware's network analysis and optimization software, (2) which refer to (a) the accused OPNET products, (b) the patents-in-suit, or ( c ) the current litigation between Compuware and OPNET, and (3) regarding which there is no claim of attorney-client or work-product privilege.  As to the latter, Compuware shall provide a privilege log as to any such documents."

Defendant has offered no persuasive reason why its current discovery requests should be treated any more expansively.  Therefore, the motion to produce as to RTP #42-47 is GRANTED, subject to the same limitations set forth in the June 6, 2005 order quoted above.

### RTP #48

This request for "[a]ll documents and things which refer or relate to the patents-in-suit" is GRANTED, subject to the same limitations set forth in ¶2 of the June 6, 2005 order set forth above.

### RTP #52-55

These requests are all directed at "documents and things" supplied to or related to

expert witnesses.  Fed.R.Civ.P. 26(a)(2) generally controls disclosure of expert testimony,

including "the data or other information considered by the witness in forming the opinions"

as well as the compensation paid to the expert.  While Defendant may be entitled to much

of what it now requests[2],  Rule 26(a)(2)( C ) provides:

> "These disclosures shall be made at the times and in the sequence directed by
> the court.  In the absence of other directions from the court or stipulation by
> the parties, the disclosures shall be made at least 90 days before the trial date
> or the date the case is to be ready for trial...."

Thus, Defendant's requests are premature, and as such, will be DENIED WITHOUT

PREJUDICE.

## RTP #57-67

Here, Defendant seeks sales, marketing and financial information relating to

Compuware's Products, as that term was defined in the Requests to Produce.  As phrased,

however, the requests encompass material which, at best, has tenuous relevance to the

patents-in-suit and to the question of damages (either from a lost profits or reasonable royalty

perspective), and the production of which would place an undue burden on the Plaintiff.

Therefore, the motion to compel these RTPs is GRANTED IN PART, only to the extent that

Plaintiff will produce the requested material only regarding the products covered by the

---

[2]In RTP #53, Defendant requests "documents and things that relate to any documents, things, or facts" supplied to or relied upon by the expert.  It is not obvious whether Rule 26(a)(2)(B) would extend to that breadth of material, or whether work product privilege might apply.  However, given the ruling in this Order, the Court need not address those questions at this time.

patents-in-suit.[3]

## **RTP #68**

Defendant requests documents relating to "secondary considerations of nonobviousness of the patents," and specified 10 non-exclusive sub-categories of documents. Plaintiff objects to the request as premature and because "it requests Compuware to gather information in response to a claim by Opnet that has never been specified - i.e., Opnet's allegations of invalidity, as to which Opnet bears the burden of proof."

The Court disagrees with Plaintiff's characterization of the discovery as being in its "earliest stages," and there is no valid reason to delay production of the requested documents until after expert discovery. Furthermore, Rule 26 does not condition relevant discovery on who has the burden of proof. However, the Court does agree with Plaintiff that sub-request 68(b) ("the failure of others to develop software that analyzes or optimizes network communications or that models networks") is vague and overly broad.

Therefore, the motion to compel a response to RTP #68 is GRANTED, with the exception of request 68(b), which is DENIED.

## **RTP #70-73**

These requests are GRANTED, but shall be limited to documents relating to the patents-in-suit.

---

[3] Plaintiff does not challenge its obligation to produce the information as limited in this order. *Brief in Opposition*, p.9.

**RTP #74**

Defendant request the entire personnel files of Compuware employees John Seal, Scott Johnson, Joe Rustad and Robert Mills.  This request is overly broad as stated, and is therefore DENIED.

**RTP #76**

This request is directed at "all documents and things that relate to Compuware Products."  As such, it is overly broad, and will be GRANTED only as to products covered by the patents-in-suit.

**RTP #77**

Defendant requests "all documents and things that relate to Optimal Networks, Inc.'s Application Expert software."  Neither party has made it clear in their voluminous pleadings whether this product is covered by the patents-in-suit to which Plaintiff obtained the rights when it purchased Optimal Networks, but it appears that it likely is, and the Court will make that assumption for the purposes of this discovery motion.  Therefore, the motion to compel is GRANTED as to RTP #77.

**RTP #78-81 and 83**

These requests are overly broad as stated, and will be GRANTED only as to products covered by the patents-in-suit.

**RTP # 82 and 84**

These requests are directed not only at products covered by the patents-in-suit, but at "software that embodies one or more claims of the patents-in-suit."  As such, they are overly

vague, and may involve voluminous and irrelevant material. These RTPs will therefore be DENIED.

### RTP #86-90

These requests are GRANTED, but limited to documents related to the patents-in-suit.

### RTP #94

As stated, the request is overly broad, and will therefore be GRANTED only as to requested documents related to the patents-in-suit.

### RTP #95

This request is GRANTED, except as to documents as to which there is a claim of work-product or attorney-client privilege. As to such documents, Plaintiff will provide a privilege log.

### RTP #99-100

Defendant seeks documents related to Compuware's acquisition of CACI Products Company and Adlex, Inc. Defendant relies on *Fresenius Medical Care Holding, Inc. V. Baxter International, Inc.*, 224 F.R.D. 644 (N.D. Cal. 2004) in support of its request.

*Fresenius* held that "[t]he amount paid to acquire a company with desired patents, and the amount of the acquisition amount allotted to a particular patent is relevant to the establishment of a reasonable royalty," and is therefore discoverable. *Id.*, 224 F.R.D. at 653. Compuware purchased the rights to the patents-in-suit as part of its acquisition of Optimal Networks Corporation in July, 2000. Therefore, Opnet would be entitled,under *Fresenius*, to discover acquisition information as to Optimal Networks.

However, the patents in question were not obtained from CACI or Adlex. Nevertheless, Defendant argues that "as *Fresenius* shows that documents concerning the acquisition of the patented technology is relevant, documents that allow for a comparative valuation of the patented technology to non-patented technology incorporated into the patented invention (even if obtained via acquisition) is also relevant." *Defendant's Reply Memorandum*, p. 4.  While this argument has some superficial appeal, it does not survive the application of Rule 26(b)(1) or 26(b)(2).  To extend the *Fresenius* reasoning to acquisitions of companies with non-patented technology would be to permit discovery of collateral material which would have insufficient relevance to justify the burden of producing the material.  Accordingly, these RTPs are DENIED.

**RTP #102**

Defendant requests documents related to communications between Compuware and financial entities regarding Compuware's products.  This request is overly broad both to the extent that it encompasses products not covered by the patents-in-suit, and communications which may not have relevance to this lawsuit.  As written, this RTP is DENIED.  It will be up to Defendant to more narrowly and carefully craft a document request.

**RTP #103**

This request is GRANTED, but limited to competitive intelligence concerning IT Guru and ACE products.

**RTP #105**

The request for documents "related to any valuation of OPNET" is both irrelevant to

the issues in this suit, and exceedingly broad.  However, Plaintiff has agreed to produce

documents related to the valuation of IT Guru and/or ACE products.  The motion to produce

will therefore be GRANTED only as the request relates to IT Guru and/or ACE products.

**RTP #106**

As with RTP #105, this request is irrelevant and overly broad, and will be DENIED.

**RTP #123**

As phrased, the request is overly broad.  However, Plaintiff represents that it agrees

"to produce all responsive documents relating to the patents-in-suit or products covered by

the patents-in-suit."  *Brief in Opposition,* p. 18.  As so limited, the motion will be

GRANTED.

## V.    SANCTIONS

Defendant's motion for sanctions is DENIED.

## VI.    CONCLUSION

For the reasons and under the terms set forth above, Defendant's motion to compel

[Docket #50] is GRANTED IN PART AND DENIED IN PART, and Plaintiff will provide

discovery consistent with this Opinion and Order.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  November 9, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 9, 2005.


S/Gina Wilson
Judicial Assistant