UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,
a Michigan Corporation,

       Plaintiff/
       Counterclaim Defendant,

v.

OPNET TECHNOLOGIES, INC.,
a Delaware Corporation,

       Defendant/
       Counterclaim Plaintiff.
_____/

Case No.  04-73749

District Judge Anna Diggs Taylor

Magistrate Judge R. Steven Whalen

**ORDER DENYING MOTION PLAINTIFF'S MOTION FOR
RULE 11 SANCTIONS**

Before the Court is Plaintiff's Motion for Sanctions under Fed.R.Civ.P. 11( c ) [Docket #110].  This Motion will be submitted on the pleadings, without oral argument. *See* E.D. Mich. L.R. 7.1(e)(2).

Plaintiff seeks sanctions based on Defendant's alleged failure to seek concurrence in its own motion for sanctions [Docket #91], to otherwise meet to resolve the issues contained therein, or to withdraw that motion.  On January 11, 2006, this Court entered an order denying Defendant's motion for sanctions [Docket #].

A motion for Rule 11 sanctions is addressed to the Court's discretion.  *McGhee v.*

-1-

*Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991). Rule 11 is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R.Civ.P. 11, adv. comm. notes. The test is whether an individual attorney's conduct was reasonable under the circumstances. *McGhee,* 934 F.2d at 93. Sanctions are inappropriate, even if an argument is unavailing, if the argument is not completely unwarranted by existing law. *Tahfs v. Proctor,* 316 F.3d 584, 594 (6th Cir.2003).

The Court has reviewed the pleadings, and while Opnet's somewhat facile response to the motion essentially concedes that it did not seek Compuware's concurrence before filing the motion,[1] two observations are pertinent. First, although the Defendant did not prevail on the underlying motion, the Court is not prepared to say that its arguments were completely unwarranted. Secondly, in the order denying Defendant's motion, the Court

---

[1] For example, Defendant argues that the requirement of L.R. 7.1 was met by the fact that "OPNET and Compuware had debated the adequacy of Compuware's discovery responses for months." *Defendant's Response*, p.5. The existence of a discovery dispute perceived by the moving party to be intractable does *not* satisfy L.R. 7.1. Defendant also argues that its Reply re: motion #91 somehow satisfied the requirement of seeking concurrence because that Reply withdrew Defendant's request for sanctions based on a Rule 26 violation. *Defendant's Response*, p.4. In this regard, Defendant's Reply re: motion #91 stated:

> "OPNET has not sought relief for Compuware's failure to comply with Rule 26. We note, however, that Rule 37 ( c )(1) provides for sanctions for failure to disclose information under Rule 26 and that the 1993 Advisory Committee Notes to Rule 37 ( c ) confirm that it provides 'a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under (a)(2)(A).'"

It is hard to imagine a slipperier or more ambiguous "withdrawal" of a request for sanctions.

declined to grant the Plaintiff's request for sanctions under Rule 37.

Therefore, in the exercise of the Court's discretion, Plaintiff's Motion for Sanctions [Docket #110] is DENIED.

SO ORDERED.


                                        S/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 17, 2006.


                                        S/Gina Wilson
                                        Judicial Assistant