UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,
a Michigan Corporation,

        Plaintiff/
        Counterclaim Defendant,

v.

OPNET TECHNOLOGIES, INC.,
a Delaware Corporation,

        Defendant/
        Counterclaim Plaintiff.
_____/

Case No.  04-73749

District Judge Anna Diggs Taylor

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

       Before the Court is Plaintiff's Motion to Compel Production of Documents responsive to its fifth set of production requests [Docket #115]. This Motion will be submitted on the pleadings, without oral argument. *See* E.D. Mich. L.R. 7.1(e)(2).

       At issue are Plaintiff's Requests to Produce numbers 83-106. More specifically, Plaintiff seeks information relating to all versions of ACE/IT Guru products sold by Defendant since 2001. Defendant, on the other hand, takes the position that only version 10.5 of these products is relevant to this lawsuit.[1]

       Defendant's view of discovery is overly parsimonious. Fed.R.Civ.P. 26 contemplates a broad scope of discovery, one which includes information relevant to the claims or defenses of a party, without the requirement that the information itself be admissible at trial, so long

---

[1] In addition to version 10.5, Defendant has marketed versions 7.0, 8.1, 9.0, 9.1, 10.0 and 11.0.

as it is reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant's claim that versions of its products other than 10.5 are irrelevant is premised in substantial part on the argument that because Plaintiff did not comply with the marking requirements of 35 U.S.C. §287(a), it has relinquished the right to recover damages for any infringement. In effect, Defendant asks the Court to grant partial summary judgment in the guise of a discovery order. The Court declines this invitation; the issue of marking, as it relates to damages, must await resolution at a later date.

Nevertheless, and notwithstanding Defendant's objections to the requested discovery, Opnet states affirmatively that "on December 8, 2005, OPNET made a full production of electronically-stored documents related to the development and commercial implementation of its software, as well as other issues in this case, *with no version limitation.*" *Defendant's Response*, p.10. Defendant further states that it asked Plaintiff to withdraw this motion because of the production of the requested discovery.

Why, then, is the Court being asked to expend yet another portion of its limited resources on an issue that has been resolved? Plaintiff contends–unpersuasively, in the Court's view–that Defendant's past discovery misconduct entitles it to a court order. *Plaintiff's Reply Brief*, pp. 1-2. Then why didn't Plaintiff prepare and file a stipulation and proposed order, as the parties did recently with regard to extending discovery cut-off?[2]

As a matter of law, fact and judicial discretion, Plaintiff is entitled to the discovery it has requested (and apparently received) in this motion, and the Court will enter an order to that effect. Even though the Plaintiff acted unreasonably in not withdrawing the motion or presenting a stipulated order, Rule 37 does not provide for the imposition of sanctions

---

[2]That stipulation also negates Plaintiff's second reason for not withdrawing its motion.

under these facts.  However, neither is the Court required to award the Plaintiff expenses.[3]

Accordingly, Plaintiff's Motion to Compel [Docket #115] is GRANTED.  Both Plaintiff's and Defendant's request for sanctions is DENIED.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  January 17, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 17, 2006.

S/Gina Wilson
Judicial Assistant

---

[3] Rle 37(a)(4)(A) gives the Court discretion to deny a motion for sanctions where "circumstances make an award of expenses unjust."